# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEWART, | CASE NO. 14cv2536-LAB (MDD) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| THE ASSOCIATION FOR COMMUNITY HOUSING SOLUTIONS, | |
| Defendant. | |

On October 23, 2014, Plaintiff Michael Stewart filed his complaint without paying the required filing fee or moving to proceed *in forma pauperis*. For this reason, the complaint is **DISMISSED WITHOUT PREJUDICE**. No later than **December 1, 2014**, Stewart must either pay the filing fee or file a motion to proceed *in forma pauperis*, and must also file an amended complaint. If he does not do so, this action will be dismissed for failure to prosecute.

The complaint, as it stands now, would be subject to screening and dismissal if Stewart moves to proceed *in forma pauperis*. Stewart alleges he was turned down for low-income housing based on his arrest record and his exercise of constitutional rights. Stewart cites *Landers v. Chicago Housing Authority*, 936 N.E.2d 735 (Ill. App. 1 Dist., 2010) for the principle that it is illegal to discriminate in housing decisions based on arrest records. *Landers*, in turn, cites *Talley v. Lane*, 13 F.3d 1031 (7th Cir. 1994). Both cases rely on federal

statutes such as the Housing Act, Fair Housing Act, Vocational Rehabilitation Act, and U.S. Constitution. Although Stewart did not plead facts showing what law governs Defendant's actions, it appears he intends to raise claims under these same provisions of law.  Both *Landers* and *Talley* make clear that discrimination based on substantiated arrests or other evidence of criminal activity is allowed.  *Landers*, 936 N.E. 2d at 575–76 (distinguishing the case at hand from *Talley*, because the arrests in the case at bar were dismissed without prosecution and were never substantiated). *Compare Talley*, 13 F.3d at 1032–33 and n.2 (pointing out that the plaintiff's criminal record included arrests and outstanding warrants for robbery and armed robbery). In addition, the Fair Housing Act expressly permits refusing to rent to an application that would pose a health or safety risk. *See id.* at 1035 (citing 42 U.S.C. § 3604(f)(9)).

The documents Stewart attached to the complaint, which the complaint cites, make clear that the rejection of Stewart's application was made based not only a lengthy history of violent crimes going back at least five years, but also Stewart's failure to disclose pending criminal charges for assault with a deadly weapon, specifically a knife. (*See* Ex. B-1, Docket no. 1-1 at 23.)  The charges were later reduced to a misdemeanor, but Defendant stuck to its original decision. (Ex. C-1, Docket no. 1-1, at 25.)

Stewart's rejection was also based on the fact that he told staff he intended to carry a weapon on his person at all times, which violated the housing site's "no weapons" policy. Stewart claims he has a First Amendment right to carry a weapon. Aside from the fact that it is the Second Amendment, not the First, that secures this right, the right is not unlimited. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("Like most rights, the right secured by the Second Amendment is not unlimited.") For example, the possession of arms in sensitive places such as schools and government buildings, or by the mentally ill, may constitutionally be forbidden. *Id*. at 626–27.  Stewart has not pleaded facts from which it is possible to tell whether the housing facilities are or are not a sensitive place, but the documentation he attached shows that the housing he applied for is available only to those who have severe and chronic or persistent mental illnesses. (Ex. A-1, Docket no. 1-1, at 4.)

It would appear, therefore, that the prohibition on carrying weapons is constitutionally permissible.

If Stewart files an amended complaint, the amendments should address these issues. Stewart is required to support his claims by factual allegations, not merely legal conclusions. If he files an amended complaint that does not correct these defects, it may be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: November 1, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge